IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** *ex rel.* **DOE**, <br><br> Plaintiff-Relator, <br><br> – *versus* – <br><br> **DERMATRAN HEALTH SOLUTIONS, LLC**, *et al.*, <br><br> Defendants. | Case No. 4:17-cv-00196-HLM <br><br> **Filed under seal** |

**Joint Stipulation of Partial Dismissal**

Pursuant to Fed. R. Civ. P. 41(a), the United States of America and the Relator hereby notify the Court of the voluntary dismissal of the claims against DermaTran Health Solutions LLC ("DermaTran") and Pharmacy Insurance Administrators LLC ("PIA") as set forth below.

This action was filed by the Relator under the False Claims Act, 31 U.S.C. §§ 3729-33. No defendant has filed an answer or a responsive pleading to the Complaint. The United States filed today its notice of election to intervene as to certain claims brought by the Relator on behalf of the United States against DermaTran and PIA.

– 1 –

The United States, the Relator, and DermaTran recently executed a written agreement in full compromise and settlement of certain claims the United States may have against DermaTran as well as the claims that the Relator has asserted on behalf of the United States against DermaTran (the "DermaTran Settlement Agreement").

In accordance with the DermaTran Settlement Agreement, the United States is voluntarily dismissing, with prejudice, all claims asserted by the Relator in this action, on behalf of the United States, against DermaTran that are based on the Covered Conduct as defined in settlement agreement, which specifically provides as follows:

> The United States contends that it has certain civil claims against DermaTran arising from the following conduct occurring between November 2012 and April 2014:
>
> a. DermaTran waived, or caused others to waive, copays owed by patients on claims submitted to the FEHB program in violation of the contractual requirements of the that program.
>
> b. DermaTran misstated, or caused others to misstate, the Usual and Customary price for compounded medications on claims submitted to TRICARE and FEHB, resulting in TRICARE and FEHB reimbursing more they otherwise would, had the Usual and Customary price been correctly stated.
>
> c. DermaTran agreed, or caused others to agree, to receive remuneration from third-party pharmacies in the form of

> splitting TRICARE payments in return for DermaTran sending prescriptions to the third-party pharmacy for fulfillment, in violation of the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b). The third-party pharmacies then submitted, or caused to be submitted, claims to the TRICARE program arising from the above arrangement.
>
> d. DermaTran paid, or caused others to pay, remuneration to doctors in return for those doctors sending prescriptions to DermaTran for fulfillment, in violation of the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b). DermaTran then knowingly submitted, or caused to be submitted, claims to the TRICARE program arising from the above arrangement.

The Relator consents to the dismissal with prejudice of those claims.

Separately, the United States, the Relator, and PIA executed a written agreement in full compromise and settlement of certain claims the United States may have against PIA as well as the claims that the Relator has asserted on behalf of the United States against PIA (the "PIA Settlement Agreement").

In accordance with the PIA Settlement Agreement, the United States is voluntarily dismissing, with prejudice, all claims asserted by the Relator in this action, on behalf of the United States, against PIA that are based on the Covered Conduct as defined in settlement agreement, which specifically provides as follows:

> The United States contends that it has certain civil claims against PIA arising from the following conduct occurring between November 2012 and April 2014:

   a. PIA waived, or caused others to waive, copays owed by patients on claims submitted to the FEHB program in violation of the contractual requirements of the that program.

   b. PIA misstated, or caused others to misstate, the Usual and Customary price for compounded medications on the claims that they submitted to TRICARE and FEHB, resulting in TRICARE and FEHB reimbursing more they otherwise would, had the Usual and Customary price been correctly stated.

   c. PIA agreed, or caused others to agree, to receive remuneration from third-party pharmacies in the form of splitting TRICARE payments in return for DermaTran Health Solutions, LLC ("DermaTran") sending prescriptions to the third-party pharmacy for fulfillment, in violation of the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b). The third-party pharmacies then submitted, or caused to be submitted, claims to the TRICARE program arising from the above arrangement.

   d. DermaTran paid, or caused others to pay, remuneration to doctors in return for those doctors sending prescriptions to DermaTran for fulfillment, in violation of the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b). PIA then knowingly submitted, or caused to be submitted, claims to the TRICARE program arising from the above arrangement.

The Relator consents to the dismissal with prejudice of those claims.

Additionally, the Relator voluntarily dismisses, with prejudice to the Relator and without prejudice to the United States, any remaining claims asserted by the Relator in this action, on behalf of the United States, in which claims the United States has declined to intervene. Pursuant to the False Claims Act, 31 U.S.C.

§ 3730(b)(l), the United States hereby consents to the Relator's voluntary dismissal of that portion of this action, provided that such dismissal is without prejudice to the United States.

Finally, the Relator voluntarily dismisses with prejudice any remaining claims asserted by the Relator in this action on her own behalf.

The United States and the Relator agree that after the above dismissals occur, no claims remain pending in this action.

A proposed order accompanies this notice.

Respectfully submitted this 12th day of October, 2022.

| | |
|---|---|
| *s/ David W.S. Lieberman*<br>David W. S. Lieberman<br>(Mass. BBO #673803)<br>(Admitted Pro Hac Vice)<br>Robert M. Thomas, Jr.<br>(Mass. BBO #645600)<br>(Admitted Pro Hac Vice)<br>Suzanne E. Durrell<br>(Mass. BBO #139280)<br>(Admitted Pro Hac Vice)<br>WHISTLEBLOWER LAW<br>COLLABORATIVE LLC<br>20 Park Plaza, Suite 438<br>Boston, MA 02116-4334<br>Tel: (617) 366-2800<br>Fax: (888) 676-7420<br>Email: david@whistleblowerllc.com | RYAN K. BUCHANAN<br>*United States Attorney*<br><br>*s/ Anthony C. DeCinque*<br>ANTHONY C. DECINQUE<br>*Assistant United States Attorney*<br>Georgia Bar No. 130906<br>Anthony.DeCinque@usdoj.gov<br>600 U.S. Courthouse<br>75 Ted Turner Drive, S.W.<br>Atlanta, GA 30303<br>P: (404) 581-6000  F: (404) 581-6181<br><br>*Counsel for the United States of America* |

BRACKER & MARCUS, LLC
Julie K. Bracker
Georgia Bar No. 073803
Jason Marcus
Georgia Bar No. 949698
3355 Lenox Road, Suite 660
Atlanta, Georgia 30326
Julie@FCAcounsel.com
Jason@FCAcounsel.com

*Counsel for Plaintiff-Relator*

## Certificate of Service

I hereby certify that I served the above document today by email to the following people:

Julie Bracker
Jason Marcus
BRACKER & MARCUS LLC
3355 Lenox Road, Suite 660
Atlanta, GA 30326
Julie@FCACounsel.com
Jason@FCAcounsel.com

Robert M. Thomas, Jr.
THOMAS & ASSOCIATES
20 Park Plaza, Suite 438
Boston, MA 02116
bob@thomasdurrell.com

Suzanne E. Durrell
DURRELL LAW OFFICE
180 Williams Avenue
Milton, MA 02186
suzanne@thomasdurrell.com

David W. S. Lieberman
WHISTLEBLOWER LAW COLLABORATIVE LLC
20 Park Plaza, Suite 438
Boston, MA  02116-4334
david@thomasdurrell.com

*Counsel for Relator*

No copy will be served on any of the defendants because this case remains under seal.

Done this 12th day of October, 2022.

                                               *s/ Anthony C. DeCinque*
                                               Anthony C. DeCinque
                                               *Assistant United States Attorney*