IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** *ex rel.* **DOE**, <br><br>                    Plaintiff-Relator, <br><br> – *versus* – <br><br> **DERMATRAN HEALTH SOLUTIONS, LLC**, *et al.*, <br><br>                    Defendants. | Case No. <br> 4:17-cv-00196-HLM <br><br> **Filed under seal** |

### ORDER

WHEREAS the United States of America has partially intervened in this action with regard to allegations against defendant DermaTran Health Solutions, LLC ("DermaTran") for the purpose of effectuating a settlement agreement between the United States, the Relator, and DermaTran (the "DermaTran Settlement Agreement");

WHEREAS the United States and the Relator have filed a joint stipulation of dismissal in part with regard to the allegations against DermaTran;

WHEREAS the United States of America has partially intervened in this action with regard to allegations against defendant Pharmacy Insurance

Administrators, LLC ("PIA") for the purpose of effectuating a settlement agreement between the United States, the Relator, and PIA (the "PIA Settlement Agreement");

WHEREAS the United States and the Relator have filed a joint stipulation of dismissal in part with regard to the allegations against PIA;

IT IS HEREBY ORDERED as follows:

1. Consistent with the terms of the DermaTran Settlement Agreement, the claims asserted by the Relator on behalf of the United States against DermaTran that are based on the Covered Conduct as defined in the DermaTran Settlement Agreement are dismissed with prejudice. Specifically, the DermaTran Settlement Agreement provides as follows:

> The United States contends that it has certain civil claims against DermaTran arising from the following conduct occurring between November 2012 and April 2014:
>
> a. DermaTran waived, or caused others to waive, copays owed by patients on claims submitted to the FEHB program in violation of the contractual requirements of the that program.
>
> b. DermaTran misstated, or caused others to misstate, the Usual and Customary price for compounded medications on claims submitted to TRICARE and FEHB, resulting in TRICARE and FEHB reimbursing more they otherwise would, had the Usual and Customary price been correctly stated.

  c. DermaTran agreed, or caused others to agree, to receive remuneration from third-party pharmacies in the form of splitting TRICARE payments in return for DermaTran sending prescriptions to the third-party pharmacy for fulfillment, in violation of the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b). The third-party pharmacies then submitted, or caused to be submitted, claims to the TRICARE program arising from the above arrangement.

  d. DermaTran paid, or caused others to pay, remuneration to doctors in return for those doctors sending prescriptions to DermaTran for fulfillment, in violation of the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b). DermaTran then knowingly submitted, or caused to be submitted, claims to the TRICARE program arising from the above arrangement.

2. Consistent with the terms of the PIA Settlement Agreement, the claims asserted by the Relator on behalf of the United States against PIA that are based on the Covered Conduct as defined in the PIA Settlement Agreement are dismissed with prejudice. Specifically, the PIA Settlement Agreement provides as follows:

 The United States contends that it has certain civil claims against PIA arising from the following conduct occurring between November 2012 and April 2014:

  a. PIA waived, or caused others to waive, copays owed by patients on claims submitted to the FEHB program in violation of the contractual requirements of the that program.

  b. PIA misstated, or caused others to misstate, the Usual and Customary price for compounded medications on the claims that they submitted to TRICARE and FEHB, resulting

    in TRICARE and FEHB reimbursing more they otherwise would, had the Usual and Customary price been correctly stated.

  c. PIA agreed, or caused others to agree, to receive remuneration from third-party pharmacies in the form of splitting TRICARE payments in return for DermaTran Health Solutions, LLC ("DermaTran") sending prescriptions to the third-party pharmacy for fulfillment, in violation of the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b). The third-party pharmacies then submitted, or caused to be submitted, claims to the TRICARE program arising from the above arrangement.

  d. DermaTran paid, or caused others to pay, remuneration to doctors in return for those doctors sending prescriptions to DermaTran for fulfillment, in violation of the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b). PIA then knowingly submitted, or caused to be submitted, claims to the TRICARE program arising from the above arrangement.

3. Any remaining claims asserted by the Relator on behalf of the United States, in which the United States has not intervened, are dismissed with prejudice to the Relator and without prejudice to the United States.

4. All claims asserted by the Relator on her own behalf are dismissed with prejudice.

5. As a result of the above dismissals, no other claims remain pending in the above-styled action. The Clerk shall close the case.

6. This Court previously ordered (Dkt. 61) that upon the United States filing its notice of intervention, the seal on this case would be lifted with the exception

of the government's extension motions, which will remain sealed. (The government filed extension motions on or about July 26, 2017; October 24, 2017; April 25, 2017; October 24, 2018; May 23, 2019; December 3, 2019; April 21, 2020; November 3, 2020; June 3, 2021; November 22, 2021; and May 9, 2022.) These docket entries, including all the corresponding electronic CM/ECF entries, shall remain under seal and not be made public or served on Defendants. To the extent the United States has not already done so, the United States will notify the Clerk's office that the Court's order (Dkt 61) is now in effect.

    IT IS SO ORDERED, this 12th day of October, 2022.

                              /s/ Harold L. Murphy
                              THE HON. HAROLD L. MURPHY
                              UNITED STATES DISTRICT JUDGE